| iPLOTKIN, Judge,
dissents with written reasons:
I respectfully dissent.
The following statements were the only law charge given by the trial judge to the jury in the instant case on the issue of a hospital’s liability for negligent acts of its staff physicians:
In general a hospital is bound to exercise the requisite amount of care toward a patient that the particular patient’s condition may require. It is the hospital’s duty *1281 to protect a patient from dangers that may result from the patient’s physical and mental incapacities as well as from external circumstances peculiarly within the hospital’s control. A determination of whether a hospital has breached the duty of care it owes to a particular patient depends upon the circumstances and the facts of that case.
The hospital has the duty to provide and maintain adequate facilities and supplies and a competent staff so as to provide competent care to its patients. However, hospitals are not insurers of their patients.
Because I believe the above law charge was “so incorrect or inadequate as to preclude the jury from reaching a verdict on the law and facts,” I would reverse the trial court judgment and conduct a trial de novo on the issue of whether the defendant hospital breached its independent duty of care to the infant plaintiff in this case. See Brown v. White, 405 So.2d 555, 558 (La.App. 4th Cir.1981), aff'd 480 So.2d 16 (La.1982). That duty has been explained as follows:
A hospital has an obligation and duty of care to its patients which is independent of any obligation or duty owed by the treating physician. In the area of the patient’s safety or care while undergoing treatment, the absence of specific orders by the treating physician is not fatal to a plaintiffs personal injury claim based on the hospital’s negligence. The patient is entitled to rely upon the hospital’s expertise and independent professional judgment to supplement the treating physician’s direct orders when necessary to afford the patient the safe and reasonable health care the hospital is obligated to provide. Therefore, assuming the hospital strictly followed the treating physician’s order in this case, strict adherence to the physician’s orders cannot excuse the failure to provide safe and reasonable 12care to the patient, nor preclude a finding of negligence on the part of the hospital.
Bossier v. Desoto General Hospital, 442 So.2d 485, 490 (La.App. 2d Cir.1983), writ denied, 443 So.2d 1122 (La.1984) (emphasis added).
Certainly the above quote from the Bossier case indicates that a hospital may have independent liability for breaching the standard of caring for a patient even if the hospital personnel strictly followed a staffs physician’s orders and even if the hospital was not negligent in granting the physician staff privileges. That basis for liability is not evident from the jury charge given by the trial judge in this case, which contains only one reference to the treating physician when it states that a hospital “has the duty to provide and maintain ... a competent staff.” The jury charge was insufficient to put the jury on notice concerning a hospital’s possible independent negligence in breaching a standard of care by following a doctor’s erroneous orders.
Further, the plaintiffs proposed jury charges that the trial court refused to give did sufficiently explain the applicable law on this issue. For example, the second paragraph of proposed charge # 1 stated, in pertinent part, as follows:
[T]he law imposes upon a hospital a direct duty to the patient in connection with his treatment, and consequently holds the hospital liable for its own negligence, even if there is not any negligence on the part of the physician.
Additionally, proposed charge # 2 gave several examples of a hospital’s independent duty owed to a patient, then ended with the following statement:
A breach of any one of these duties or a similar duty of care which causes injury to a patient may constitute independent negligence by a hospital resulting in the hospital’s liability, whether or not there was also negligence on the part of a private physician.
Finally, proposed charge # 3 stated, in pertinent part, as follows:
As I have instructed you, “a hospital has an independent obligation and duty of care to its patient which is independent of any obligation or duty owed by a treating physician.” This being so, the hospital is not protected from responsibility and liability solely by the fact that its nurses and staff may have strictly followed the orders of a private physician. Even if you believe that *1282 the nurses were strictly following doctor’s orders, the patient is still “entitled to rely upon the hospital’s expertise and independent professional judgment to supplement the treating physician’s direct orders when necessary to afford the patient the safe and reasonable health care the hospital is obligated to provide_ [Sjtrict adherence to the physician’s orders cannot excuse the failure to provide safe and reason-ablejscare to the patient, nor preclude a finding of negligence on the part of the hospital.”
Quoting Hunting v. Bogalusa Community Medical Center, 303 So.2d 745 (La.1974) and Bossier, 442 So.2d 485.
Although the trial court would not have been required to give all of the above jury instructions proposed by the plaintiffs in order to adequately inform the jury of the applicable law on this issue, the trial court’s failure to include any statement indicating that a hospital can be hable even when its staff strictly follows the orders of a private physician constituted reversible error in this case. The problem is aptly demonstrated by the fact that the jury was obviously confused about the issue, as illustrated by the jury’s numerous related questions to the trial judge during its deliberations.
National trends in the area of hospital liability indicate the need to address this significant issue in this case. As hospitals have changed from eleemosynary institutions to for-profit businesses, the national trend is to impose higher standards of care on hospitals in the area of liability for patient care. Because of this trend, hospitals are now treated like other businesses in many states, which have revised the law on this issue to recognize the changing relationships between staff physicians and hospitals.
Accordingly, I would vote to perform a de novo review of the evidence presented to determine whether it is sufficient to prove that the hospital breached the standard of care established by the jurisprudence quoted above.